RAY J. BRIDGES, BY HIS NEXT FRIEND MARY ELLEN BRIDGES, v.
ALBERT T. JACKSON.

(Filed 20 September, 1961.)

**1. Trial § 20—**

By introducing evidence the defendant waives his motion for judgment as of nonsuit at the close of plaintiff's evidence. G.S. 1-183.

**2. Trial § 57;   Appeal and Error § 51—**

Where, in a trial by the court under agreement of the parties, appellant has no exception to the admission or rejection of evidence or to the findings of fact, his motion for nonsuit at the close of all of the evidence does not present for review the sufficiency of the evidence to warrant recovery.

**3. Appeal and Error § 21—**

A sole exception to the signing of the judgment presents only whether the facts found support the judgment and whether error of law appears on the face of the record.

**4. Trial § 57—**

In a trial by the court under agreement of the parties the court is required to find only the ultimate facts and not the evidentiary or subsidiary facts.

**5. Automobiles § 6—**

Findings to the effect that defendant was operating his automobile at a speed greater than was reasonable and prudent under the circumstances and that he approached a sharp curve with which he was unfamiliar at a speed of from 45 to 50 miles per hour, are sufficient predicate for the conclusion of negligence, since such findings amount to findings of violations of G.S. 20-141(a) and G.S. 20-141(c), and the violation of a safety statute is negligence *per se,* unless otherwise provided in the statute.

**6. Automobiles § 41a—**

Findings to the effect that defendant violated certain safety statutes and failed to keep a proper lookout in the direction of travel, and also failed to keep his vehicle under proper control, with further findings to the effect that plaintiff-passenger's injuries, received when the vehicle ran off the road, were proximately caused by such negligence, are sufficient to support judgment in plaintiff's favor.

APPEAL by defendant from *Clarkson, J.,* January 1961 Term of RUTHERFORD.

Civil action to recover damages for personal injuries received while riding as a passenger in an automobile owned and driven by defendant.

Pursuant to the provisions of G.S. 1-184 the parties waived a jury trial, and the trial judge, pursuant to the provisions of G.S. 1-185, rendered a written decision containing a statement of the facts found and conclusions of law separately, and awarding plaintiff damages in

the amount of $2,054.66 together with the costs. The judgment further provided that from the recovery the clerk of the superior court should pay specified hospital and medical bills for plaintiff totalling $514.66.

From the judgment defendant appeals.

*C. O. Ridings and Jack M. Freeman By: C. O. Ridings for plaintiff, appellee.*
*Hamrick & Hamrick for defendant, appellant.*

PARKER, J. When the defendant introduced evidence, he waived his motion for judgment as of nonsuit made at the close of plaintiff's evidence. G.S. 1-183. Defendant's exception to the denial of his motion for judgment as of involuntary nonsuit made at the close of all the evidence presents no question for review with respect to the findings of fact or the conclusions of law, for the simple reason that he has no exception to the admission or rejection of evidence and to the judge's findings of fact and conclusions of law, and, therefore, the findings of fact are presumed to be supported by competent evidence and are binding on appeal. *Goldsboro v. R. R.,* 246 N.C. 101, 97 S.E. 2d 486; *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759; *Beaver v. Paint Co.,* 240 N.C. 328, 82 S.E. 2d 113.

However, defendant's exception to the signing of the judgment presents these questions for decision: One, do the facts found by the trial judge support the judgment, and two, does any error of law appear upon the face of the record? *Goldsboro v. R. R., supra; Bailey v. Bailey,* 243 N.C. 412, 90 S.E. 2d 696; *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53.

G.S. 1-185 "requires the trial judge to find and state the ultimate facts only," and not the evidentiary or subsidiary facts required to prove the ultimate facts. *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639.

The trial judge, after hearing the evidence, found as facts from the evidence and by its greater weight, that the plaintiff was injured by the negligence of the defendant, in that the defendant was operating his automobile "at a speed that was greater than reasonable under the circumstances, he being on Old #221 approaching a sharp curve which he was unfamiliar with and driving at a speed of from 45 miles per hour to 50 miles per hour, and that he failed to keep a proper look-out, failed to keep his car under proper control, and failed to drive at a speed that was reasonable and proper under the circumstances," and that such negligence of the defendant was the proximate cause of plaintiff's injuries. The trial judge further found as facts that by reason of defendant's actionable negligence plaintiff received a fractured skull

and other injuries, incurred medical and hospital expenses in the amount of $554.66, and lost eleven weeks from work for which he was being paid $40.00 a week. (The trial judge in his judgment directed the clerk to pay from the recovery specified medical and hospital bills in the amount of $514.66.) The trial judge concluded as a matter of law that plaintiff's injuries were caused by defendant's actionable negligence. Whereupon, the trial judge entered judgment that plaintiff recover from defendant for his injuries received the sum of $2,054.66 together with the costs.

It is alleged in the complaint and admitted in the answer that plaintiff was riding as a passenger in an automobile owned and driven by the defendant, and that about 2:00 o'clock a.m. defendant's automobile ran off the road and struck "the bank."

The findings of fact are to the effect that defendant was driving his automobile in violation of G.S. 20-141(a) and of G.S. 20-141(c), and this constitutes negligence on his part, because "according to the uniform decisions of this Court, the violation of a statute imposing a rule of conduct in the operation of a motor vehicle and enacted in the interest of safety has been held to constitute negligence *per se,*" unless otherwise provided in the statute. *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740; *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331. The findings of fact are also to the effect that the defendant failed to perform his positive duty to keep a proper lookout in the direction of travel, *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330, and to keep his automobile under such proper control as would enable him to keep it on the road. *Lane v. Dorney,* 252 N.C. 90, 113 S.E. 2d 33.

The findings of fact are that there was a causal connection between the injuries received by plaintiff and the defendant's negligence in the operation of his automobile, or in other words that plaintiff's injuries were proximately caused by defendant's negligence in the operation of his automobile.

The findings of fact of the trial judge are very meager, but after careful consideration we conclude they suffice to show that plaintiff's injuries were proximately caused by the defendant's negligence, and, therefore, the facts found support the judgment. *Boyd v. Harper,* 250 N.C. 334, 108 S.E. 2d 598; *Conley v. Pearce-Young-Angel Co., supra.*

No error of law appears upon the face of the record.

The judgment below is

Affirmed.