GEORGE ROOSEVELT McGEE, PLAINTIFF, v. WILLIS LLOYD COX, DEFENDANT.

(Filed 11 May, 1966.)

**Automobiles § 41r—**

Evidence that the owner had knowledge of the defective condition of the right door latch, that he had warned several passengers not to lean against the door, that he failed to warn plaintiff passenger, and that the door came open on a left turn and plaintiff, who was leaning on the door a little, fell out to his injury, *held* sufficient to be submitted to the jury on the issue of negligence.

MOORE, J., not sitting.

APPEAL by plaintiff from *McConnell, J.,* January 3, 1966 Civil Session of GUILFORD, High Point Division.

Action for personal injuries.

Plaintiff's evidence, viewed in the light most favorable to him, tends to show these facts: On October 22, 1963, plaintiff was one of two passengers in the front seat of defendant's 1956 Chevrolet automobile, which he was operating at 30-35 MPH on South Main Street in the City of High Point. Plaintiff was seated next to the right door and might have been leaning against it "a little bit, but not much." On a slight curve, the door came open; plaintiff fell out and was injured. Defendant had purchased the car earlier in 1963. He had had the brakes relined, but had done no other work on the car prior to the accident. Gene Frye, the man who relined the brakes, examined the door latch at that time. He found the teeth of the cog-wheel in the latch to be worn. Frye told defendant that "the latch

was wore out," and that if he would get a new door latch he would put it on for him. Defendant never mentioned the latch to Frye again. In August 1963, defendant had warned several persons not to lean against that door, that it would come open. He had not, however, warned plaintiff. The door had never before come open when plaintiff was in the car, and he had no knowledge that the latch was defective.

The foregoing facts are supported by the necessary allegations in the complaint. Defendant offered evidence in contradiction of that offered by plaintiff. At the close of all the evidence, defendant's motion for judgment of nonsuit was allowed, and plaintiff appealed.

*Schoch, Schoch and Schoch by Arch K. Schoch, Jr., for plaintiff appellant.*

*Jordan, Wright, Henson & Nichols by Karl N. Hill, Jr., for defendant appellee.*

Per Curiam. The rule of law applicable to plaintiff's allegations and evidence is stated as follows:

> "Where the owner or operator of a motor vehicle has knowledge of the defective condition of the vehicle which would make riding in it hazardous or unsafe for a guest, and believes or has reason to believe that the guest would not discover the danger, he has an obligation to warn the guest of such danger and risk and to exercise reasonable care in the operation and control of the vehicle in view of its known defective condition. For instance, where he knew, or in the exercise of reasonable care should have known, that such equipment was in a defective condition, and the guest had no knowledge, actual or constructive thereof, the owner or operator of a motor vehicle is liable for injuries sustained by a guest by reason of . . . a defect in . . . a door. . . ." 8 Am. Jur. 2d, Automobiles and Highway Traffic § 500 (1963).

See Annot., Automobile Guest — Falling Through Door, 9 A.L.R. 2d 1337, 1347 (1950).

Plaintiff's evidence was sufficient to take his case to the jury, whose province it was to resolve the conflicts in all the evidence. The judgment of nonsuit is

Reversed.

Moore, J., not sitting.