ARTHUR M. HOLLOMAN v. LLOYD E. HOLLOMAN

No. 7411DC255

(Filed 19 June 1974)

**Automobiles § 68— defective door — failure to warn passenger·**
Plaintiff passenger's evidence was sufficient to be 'submitted to the jury on the issue of defendant driver's negligence in failing to warn him of the defective condition of a door on the vehicle where it tended to show that the door came open when plaintiff was thrown against it upon defendant's sudden application of the brakes, that plaintiff fell out the door and was injured, that defendant told him after the accident that the door had come open without warning prior to this occasion, that plaintiff did not know of this until defendant told him about it and that defendant did not warn him the door was defective prior to the accident.

APPEAL by defendant from *Lyon, Judge,* 12 November 1973 Session of District Court held in JOHNSTON County.

This is an action to recover damages for personal injuries. On 3 May 1971 plaintiff and defendant were returning to work after the noonday meal. Defendant was driving his 1964 Dodge panel truck, and plaintiff was riding in the right front seat. As defendant was backing out of a parking space, the right door of the truck came open. Plaintiff fell out the door and was injured.

Plaintiff brought this action in the District Court of Johnston County, alleging that defendant had been negligent in that he "failed to warn plaintiff of the condition of the door latch on the right hand door, next to which the plaintiff was sitting, prior to the accident. The defendant, knowing that the right door had a propensity to swing open, without warning, as it had done so at various times in the past."

Plaintiff testified at the trial that he had closed the door tightly when he got into the truck. He stated:

"Since the accident I have talked to my brother. He told me since the accident that door had come open before then. I didn't know that at the time. As to whether my brother told me that the door would come open, no, it had never come up before then. After the accident, he did tell me that the door had come open."

Defendant moved for a directed verdict at the close of plaintiff's evidence and again at the close of all the evidence. His motions were denied. The jury returned a verdict for plaintiff in the amount of $1500.00. Judgment was entered in accordance with the verdict, and defendant appealed.

*Barnes & Braswell, P.A., by W. Timothy Haithcock, for plaintiff appellee.*

*Teague, Johnson, Patterson, Dilthey & Clay, by Ronald C. Dilthey, for defendant appellant.*

BALEY, Judge.

The sole issue presented by this appeal is whether the trial court erred in denying defendant's motions for a directed verdict.

When defendant moves for a directed verdict, the evidence must be viewed in the light most favorable to plaintiff. *Winters v. Burch,* 284 N.C. 205, 200 S.E. 2d 55; *Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549; *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47. Plaintiff testified that he closed the door and

that it came open when he was thrown against it upon defendant's sudden application of the brakes. According to plaintiff's testimony, defendant told him after the accident that the right door of the truck had come open without warning prior to this occasion. Plaintiff had not known of this until defendant told him about it. When plaintiff got into the truck on 3 May 1971, defendant did not warn him that the door was defective or had come open unexpectedly prior to this accident.

In *McGee v. Cox*, 267 N.C. 314, 315, 148 S.E. 2d 132, 133, the Supreme Court of North Carolina stated:

" 'Where the owner or operator of a motor vehicle has knowledge of the defective condition of the vehicle which would make riding in it hazardous or unsafe for a guest, and believes or has reason to believe that the guest would not discover the danger, he has an obligation to warn the guest of such danger and risk and to exercise reasonable care in the operation and control of the vehicle in view of its known defective condition. For instance, where he knew, or in the exercise of reasonable care should have known, that such equipment was in a defective condition, and the guest had no knowledge, actual or constructive thereof, the owner or operator of a motor vehicle is liable for injuries sustained by a guest by reason of . . . a defect in . . . a door.' "

The evidence presented by plaintiff was sufficient to go to the jury. The court properly denied defendant's motions for directed verdict.

No error.

Judges MORRIS and HEDRICK concur.