WOODROW H. MYERS v. PATRICIA LYON MYERS

No. 824DC586

(Filed 17 May 1983)

1. **Divorce and Alimony § 13.1— divorce based on year's separation—proof of
   separation date**
   In an action for divorce based on one year's separation instituted on 15
   July 1981, plaintiff did not have to prove that the separation occurred on 14
   June 1980 as alleged in the complaint but only that the parties had lived

---

**Myers v. Myers**

---

separate and apart for one year prior to the institution of the suit. Furthermore, testimony by defendant that the parties and their daughter held a family conference on 27 July 1980 at which plaintiff stated he did not want a legal separation or divorce was not an admission by plaintiff that he did not intend to separate on 14 June 1980.

**2. Trial § 16— objections sustained—presumption jury disregarded questions**

It is presumed that the jury in a divorce action disregarded questions concerning defendant's alleged alcoholism where the trial court sustained defendant's objections thereto.

**3. Divorce and Alimony § 13.5— no intent to resume marital relationship—competency of testimony**

The plaintiff in a divorce action could properly testify that he had not resumed the marital relationship and had not formed an intent to resume the marital relationship.

**4. Abatement and Revival § 3— divorce action—defendant's subsequent action for divorce and equitable distribution—no stay of plaintiff's action**

The trial court did not err in denying defendant's motion to stay plaintiff's action for divorce filed prior to the effective date of the Equitable Distribution of Marital Property Act until trial and entry of final judgment in defendant's action for divorce and an equitable distribution of the marital property filed in another county after the effective date of the Act. G.S. 50-20.

APPEAL by defendant from *Erwin, Judge.* Judgment entered 14 January 1982 in District Court, ONSLOW County. Heard in the Court of Appeals 20 April 1983.

Suit for divorce based on one year's separation. Defendant contends that a variance in the allegations, proof, and charges mandate reversal of the judgment of divorce.

*Ellis, Hooper, Warlick, Waters & Morgan, by Lana S. Warlick, for plaintiff-appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Charles E. Nichols, William W. Jordan and Harold W. Beavers; Hamilton & Sandlin, by Billy G. Sandlin, for defendant-appellant.*

HILL, Judge.

Plaintiff in his complaint filed 15 July 1981 alleged the parties separated on 14 June 1980 and have lived continuously separate and apart since then. The defendant denied this allegation. At trial, plaintiff's evidence conformed to his pleadings. The jury returned a verdict in favor of plaintiff, granting him an absolute divorce from defendant based on one year's separation.

[1]   The essential question raised on this appeal is whether the
plaintiff had to prove that separation occurred specifically on 14
June 1980. Defendant contends that if separation occurred on any
other date, even if that date was before 15 July 1980, then plain-
tiff's prayer for relief should be denied. Plaintiff contends that
because he and defendant lived separate and apart for one year
before institution of suit as required by G.S. 50-6, he is entitled to
an absolute divorce based on one year's separation. We find that
this question, as well as the others raised by defendant, are prop-
erly resolved in favor of plaintiff. We therefore find no error in
the trial of this case.

By her first assignment of error, defendant contends the trial
court erred in instructing the jury and in submitting the issue of
one year's separation. The trial court instructed in pertinent part:

There now arises for your consideration and answer one
issue, and that issue is: Have the plaintiff, Woodrow H.
Myers, and the defendant, Patricia Lyon Myers, lived sep-
arate and apart for one year prior to the bringing of this ac-
tion on July 15, 1981?

Defendant contends the instruction and issue submitted to the
jury were erroneous because they allowed the jury to find a date
of separation different from the one plaintiff alleged and attempt-
ed to prove. We disagree.

The jury instruction is consistent with the requirements of
G.S. 50-6, which provides:

*Divorce after separation of one year on application of either
party.* — Marriages may be dissolved and the parties thereto
divorced from the bonds of matrimony on the application of
either party, if and when the husband and wife have lived
separate and apart for one year, and the plaintiff or defend-
ant in the suit for divorce has resided in the State for a
period of six months . . . .

The material aspect of this statute is the requirement that parties
have lived separate and apart for one year prior to institution of
the suit. Certainly, the complaint must state a date of separation
to establish the general time frame for divorce based on a year's
separation. The court correctly charged:

There is evidence for the plaintiff which tends to show that the parties separated on the 14th day of June, 1980. There is evidence for the defendant which tends to show that the parties separated after the 27th day of July 1980.

The jury chose to believe so much of the plaintiff's evidence as to establish the parties had been separated for one year prior to the bringing of the suit. This assignment of error is overruled.

Defendant moved for a directed verdict, judgment n.o.v. and, in the alternative, a new trial. The trial court denied the motions. We conclude that denial of the motions was proper.

When a motion for a directed verdict is made at the close of plaintiff's evidence under Rule 50 of the Rules of Civil Procedure, the trial judge must determine whether the evidence, taken in the light most favorable to the plaintiff and giving to it the benefit of every inference which can be drawn therefrom, was sufficient to withstand defendant's motion for directed verdict. *Sawyer v. Shackleford,* 8 N.C. App. 631, 175 S.E. 2d 305 (1970). The test for judgment n.o.v. is the same as that applied in considering a motion for directed verdict. *Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549 (1973).

In support of her motion for directed verdict, defendant argued plaintiff failed to prove a separation had occurred at the pertinent time. The words "separate and apart," as used in G.S. 50-6, mean that there must be both a physical separation and an intention on the part of at least one of the parties to cease the matrimonial cohabitation. *Mallard v. Mallard,* 234 N.C. 654, 68 S.E. 2d 247 (1951); *Earles v. Earles,* 29 N.C. App. 348, 224 S.E. 2d 284 (1976). Defendant argues that plaintiff returned to the marital household after 14 June 1980, spending at least one night on the weekend of 4 July 1980. Testimony of defendant tends to show that the parties and their daughters held a family conference on 27 July 1980 at which plaintiff said he did not want a legal separation or divorce. While such testimony does go to the weight of plaintiff's evidence, it is not an admission that he did not intend to separate on 14 June 1980. Many married people intentionally separate and remain apart for some time before deciding to seek a divorce or legal separation. The jury properly considered the evidence offered by both parties and obviously believed the plaintiff.

Myers v. Myers

The court's ruling on a motion for a new trial will be reversed on appeal only when there is a showing of abuse of discretion. *City of Winston-Salem v. Rice,* 16 N.C. App. 294, 192 S.E. 2d 9, *cert. denied,* 282 N.C. 425, 192 S.E. 2d 835 (1972). Similarly, a motion for judgment n.o.v. as against the weight of the evidence is addressed to the sound discretion of the presiding judge whose decision must be upheld absent a showing of abuse of discretion. This rule applies even where the evidence involved is conflicting. *King v. Byrd,* 229 N.C. 177, 47 S.E. 2d 856 (1948). The defendant has failed to persuade us that the trial judge abused his discretion.

[2] Defendant next argues the trial court erred in failing to grant her motions for a mistrial or a new trial and in failing to instruct the jury "not to consider the implication raised by questions concerning recriminatory matters." Plaintiff's counsel posed questions concerning defendant's alleged alcoholism and involvement in Alcoholics Anonymous. The trial judge sustained defendant's objections. Defendant contends such questions were highly inflammatory and prejudicial, and her motion for mistrial should have been granted. We find no request by the defendant to the trial judge to give special instructions to the jury. The court properly sustained defendant's objection. It is presumed the jury disregarded the questions. The assignment is overruled.

[3] We find no error in the trial judge's permitting plaintiff to testify whether he had resumed the marital relationship and whether he had formed an intent to resume the marital relationship. Defendant contends answers to these questions are inadmissible conclusions. We disagree. The issue involved in these questions is the intent to remain separated. Whether plaintiff resumed the marital relationship is a question of fact. Whether plaintiff formed an intent to resume the marital relationship was answered not only by his assertion that he never intended to resume the marital relationship, but by other evidence of actions evincing this intent.

[4] Defendant contends the trial court erred in denying her motion to stay plaintiff's action until trial and entry of final judgment in her separate action for divorce on grounds that proceeding on plaintiff's suit would result in a denial of defendant's right to equitable distribution. We find no error.

Plaintiff filed the suit *sub judice* in Onslow County on 15 July 1981. Defendant filed a separate action seeking divorce and an equitable distribution of the marital property as provided in G.S. 50-20 in Pender County on 8 October 1981. On 9 December 1981, defendant filed a motion to stay the action in Onslow County on grounds that it would destroy defendant's right to an equitable distribution of the marital property.

Section 7 of the Act for the Equitable Distribution of Marital Property (c. 815, Sess. Laws 1981) became effective in actions for absolute divorce filed on and after 1 October 1981. Defendant could not obtain an equitable distribution in this action before the court. The plaintiff filed suit before the defendant and the plaintiff's action was calendared and heard first. The trial judge properly denied the motion to stay.

In the trial of the case, we find

No error.

Judges JOHNSON and PHILLIPS concur.