Black v. Black

---

BARBARA KAYE PRESSLEY BLACK v. JOE NEAL BLACK

No. 8319DC1013

(Filed 3 July 1984)

**Divorce and Alimony § 21.9— equitable distribution of marital property—dismissal of divorce action—equitable distribution claim not dismissed**

Where plaintiff brought an action for divorce from bed and board on 1 August 1980, defendant filed a counterclaim in that action on 21 August 1980

praying for divorce on the ground of adultery, plaintiff filed an action for divorce based on one year's separation on 4 November 1981 and asked for equitable distribution, the action in which defendant filed this counterclaim was tried on 6 May 1982 at which time plaintiff's claim was dismissed and defendant was granted a divorce, defendant moved for summary judgment in plaintiff's action for divorce which was granted, the trial court erred in dismissing plaintiff's claim for equitable distribution, though her claim for divorce was properly dismissed, since plaintiff's claim for divorce had been properly filed on 4 November 1981 pursuant to G.S. 50-19 and could not have been dismissed before the divorce decree was made; plaintiff's right to equitable distribution was a "species of ownership" in the marital property which was vested at the time she filed for divorce on 4 November 1981; and in light of the fact that G.S. 50-20 does not say whether this property right is divested by the dismissal of her action for divorce, the court holds that it is not.

Judge JOHNSON concurs in the result only.

APPEAL by plaintiff from *Warren, Judge.* Judgment entered 17 June 1983 in District Court, CABARRUS County. Heard in the Court of Appeals 7 June 1984.

The plaintiff appeals from a dismissal of her claim for equitable distribution. The parties were married and the plaintiff brought an action for divorce from bed and board on 1 August 1980. The defendant filed a counterclaim in that action on 21 August 1980 praying for a divorce on the ground of adultery. The plaintiff filed on 4 November 1981 this action for divorce on the ground the parties had been separated for one year. She asked for equitable distribution.

The action in which the defendant filed his counterclaim was tried on 6 May 1982 at which time the plaintiff's claim was dismissed and the defendant was granted a divorce. The defendant then made a motion for summary judgment in the plaintiff's action for divorce which was granted on 17 June 1983. The plaintiff's claim for divorce and equitable distribution was dismissed. The plaintiff appealed.

*Koontz and Hawkins, by Timothy M. Hawkins, for plaintiff appellant.*

*Grant and Hastings, by Randell F. Hastings, for defendant appellee.*

WEBB, Judge.

G.S. 50-20 provides for equitable distribution. Subsection (k) of that statute provides:

> "The rights of the parties to an equitable distribution of marital property are a species of common ownership, the rights of the respective parties vesting at the time of the filing of the divorce action."

Chapter 815, section 7 at 1186, of the 1981 Session Laws provides:

> "This act shall become effective October 1, 1981, and shall apply only when the action for an absolute divorce is filed on or after that date."

G.S. 50-19 provides that an action for divorce under the provisions of G.S. 50-5 or G.S. 50-6 may be prosecuted during the pendency of a divorce action pursuant to these two sections.

Under the provisions of Chapter 815 of the 1981 Session Laws, equitable distribution has no application to the action in which the defendant counterclaimed for divorce. This action and the counterclaim were filed before 1 October 1981. The plaintiff could, pursuant to G.S. 50-19, bring an action for divorce under G.S. 50-6 on the ground that the parties had been separated for one year while the defendant's action for divorce under G.S. 50-5 on the ground of adultery was pending. When the plaintiff filed her action for divorce, her right to equitable distribution of marital property vested pursuant to G.S. 50-20(k) which declares this right to be a "species of common ownership."

The question posed by this appeal is whether the dismissal of the plaintiff's claim for divorce requires the dismissal of her claim for equitable distribution. We hold that it does not. Although the plaintiff's action for divorce was properly dismissed after a divorce had been granted in another action, it was properly filed under G.S. 50-19 and could not have been dismissed before the divorce decree was made. G.S. 50-20(k) provides that plaintiff's right to equitable distribution is a "species of ownership" in the marital property which was vested at the time she filed her action for divorce on 4 November 1981. The statute does not say whether this property right is divested by the dismissal of her ac-

tion for divorce. In the absence of an express direction in the statute, we do not believe we should hold it is divested.

We can find no cases in this or other jurisdictions on the precise question presented by this appeal. *See Myers v. Myers*, 62 N.C. App. 291, 302 S.E. 2d 476 (1983) for a case which holds an action for divorce need not be stayed by the filing of an action for divorce and equitable distribution in another county.

We reverse the order of the district court and remand for further proceedings.

Reversed and remanded.

Judge PHILLIPS concurs.

Judge JOHNSON concurs in the result only.