C. E. COCHRAN AND WIFE, HAZEL A. COCHRAN, AND DAVID S. WHITE AND WIFE, JEAN C. WHITE v. JOSEPH WILLIAM KELLER, III

No. 8729DC873

(Filed 5 April 1988)

**1. Easements § 7.1— appurtenant easement—defendant's directed verdict motions—properly denied**

    In an action involving an alleged easement across defendant's property, the trial court properly denied defendant's motion for a directed verdict where plaintiffs presented at trial substantial evidence, extrinsic to the 1963 instrument, of the intent of that instrument to convey an easement to serve plaintiff's property; and such evidence was more than sufficient to withstand defendant's N.C.G.S. § 1A-1, Rule 50 motions.

**2. Adverse Possession § 25.2— easement—counterclaim for adverse possession—directed verdict for plaintiff proper**

    In an action in which plaintiffs alleged ownership of a right of way across defendant's property and defendant alleged adverse possession, the trial court did not err by allowing plaintiffs' motion for a directed verdict on the issue of adverse possession where defendant failed to present at trial any credible evidence of hostile possession, plaintiffs introduced evidence that defendant's predecessor in title had made rent payments for permission to park trailers on the disputed easement, and plaintiffs brought into evidence deeds in defendant's chain of title giving explicit notice of the disputed 40-foot wide easement to plaintiffs' land.

APPEAL by defendant from *Hix, Thomas N., Judge.* Judgment entered 6 May 1987 in TRANSYLVANIA County District Court. Heard in the Court of Appeals 4 February 1988.

Plaintiffs filed this action alleging ownership of a right-of-way across defendant's property and seeking damages for defendant's alleged trespass upon this right-of-way. Defendant answered denying plaintiffs' ownership of any right-of-way across his land and affirmatively alleging adverse possession and abandonment. On 11 February 1986 the case came on for a jury trial at the conclusion of which the trial court granted plaintiffs' Motion for a Directed Verdict on the issues of existence, ownership, and location of the easement and adverse possession. On appeal, this Court found there to be a latent ambiguity in the language creating the easement, reversed the directed verdict on the issue of ownership, and remanded for a trial on the factual question of whether the disputed easement was created to benefit plaintiffs' property. *Cochran v. Keller*, 84 N.C. App. 205, 352 S.E. 2d 458 (1987). The case was retried to a jury on 4 May 1987. At the end of all the evidence the trial court again directed a verdict against defendant on the question of adverse possession but submitted the issues of ownership and abandonment to the jury. From a judgment entered on a jury verdict favorable to plaintiffs on both issues, defendant appeals.

*Ramsey, Hill, Smart, Ramsey & Pratt, P.A., by Michael K. Pratt, for plaintiffs-appellees.*

*Prince, Youngblood & Massagee, by Sharon B. Ellis, for defendant-appellant.*

WELLS, Judge.

On this his second appeal to our Court defendant brings forward six assignments of error. For reasons stated below we overrule all assignments and find no prejudicial error in the trial.

The facts were set forth in ample detail on our first review of this case, *id.*, and therefore we need only summarize them here. Briefly, plaintiffs are the owners in fee simple of a tract of land designated as Parcel No. 15 on the tax map of Transylvania County. Defendants are the owners of a tract of land adjacent to plaintiffs' tract and identified as Parcel No. 7 on the same tax map. James C. Boozer, not a party to this lawsuit, owns a third tract of land north of, and contiguous to, the tracts owned by the parties, and identified as Parcel No. 14 on said tax map. On 22 February 1963 defendant's predecessor in title conveyed to Carl McCrary,

who at the time owned both Parcels Nos. 14 and 15, two tracts of land. Tract I described a "right of way 40 feet in width for the purpose of ingress and egress to property purchased by the Grantee from the Breese heirs . . . and adjoining the lands of the Grantors." Tract II described a "right of way 22 feet in width for the purpose of ingress and egress to the property of the Grantee." The parties stipulated that only Parcel No. 14 was purchased by Carl McCrary from the Breese heirs. McCrary purchased Parcel No. 15, now owned by plaintiffs, from other owners. Plaintiffs asserted in their Complaint that they own the 40-foot right-of-way leading from Caldwell Street, a public road, to their property, Parcel No. 15. Defendant answered that the 1963 deed to McCrary created an easement appurtenant not to plaintiffs' property, but rather to Parcel No. 14. The deed's language "property purchased . . . from the Breese heirs" would seem to identify Parcel No. 14 as the intended dominant tenement of the easement appurtenant. On the other hand, the same 1963 deed's metes and bounds description does not describe a right-of-way attached or contiguous to Parcel No. 14. Instead, it identifies a 40-foot wide tract extending directly from Caldwell Street, across defendant's property to Parcel No. 15, *i.e.* to *plaintiffs'* land.

As indicated above, on this case's first appeal we held that the language of the 1963 deed is ambiguous and remanded for a new trial to resolve the factual question of whether the disputed easement was created with the intent to serve plaintiffs' land or some other parcel. We stated: "The question of intent is one for the jury and in order to ascertain that intent it is necessary to look at the subject matter involved, the situation of the parties at the time of the conveyance and the purpose sought to be accomplished." *Id.* Pursuant to our mandate, the trial court submitted to the jury at the conclusion of the evidence the following issue: "Does the 40-foot right of way running across the Defendant's property (parcel 7) serve the Plaintiffs' property (parcel 15)?" The jury answered *yes*.

[1]   On this appeal defendant first contends that plaintiffs offered no evidence tending to show that the parties who originally created the disputed easement intended that it benefit plaintiffs' land and that therefore his Motions for a Directed Verdict and Judgment Notwithstanding the Verdict should have been granted. We disagree. First, plaintiffs presented the evidence that defendant's

land lies between plaintiffs' property and Caldwell Street, a public road, and that Tract I conveyed by defendant's predecessor in title led directly to plaintiffs' Parcel No. 15. Second, plaintiff offered into evidence the fact that, on the same day on which defendant's predecessor in title conveyed Tracts I and II to Carl McCrary, the latter, in turn, relinquished to defendant's predecessor in title all right, title, and interest in a previously created 24-foot wide right-of-way extending across the northern margin of Parcel No. 7 to Caldwell Street. Defendant's predecessor in title built a motel in the extinguished 24-foot easement. Without the northern right-of-way, there would be no access to Caldwell Street from Parcel No. 15 except via the newly created Tract I. Third, plaintiff introduced the testimony of Dorothy McIntosh and Martha McGuire tending to prove that during the years 1971-1973 defendant's predecessor in title had paid rent for permission to obstruct the 40-foot wide Tract I. Since during these years Martha McGuire owned Parcel No. 15, but not Parcel No. 14, the rent payments were ratifying evidence of the intent of the 1963 deed that Tract I serve Parcel No. 15. Thus, plaintiffs presented at trial substantial evidence, extrinsic to the 1963 instrument, of the intent of that instrument to convey an easement to serve Parcel No. 15; and such evidence was more than sufficient to withstand defendant's N.C. Gen. Stat. § 1A-1, Rule 50 motions. On a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the nonmovant, resolving all conflicts in his favor and giving him the benefit of all reasonable inferences. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). If there is more than a scintilla of evidence to support the plaintiff's claim, the motion for a directed verdict should be denied. *Rice v. Wood*, 82 N.C. App. 318, 346 S.E. 2d 205, *disc. rev. denied*, 318 N.C. 417, 349 S.E. 2d 599 (1986). The test for granting a motion for judgment notwithstanding the verdict is the same as for granting a directed verdict. *Snider v. Dickens*, 293 N.C. 356, 237 S.E. 2d 832 (1977).

[2] Defendant further contends that the trial court erred in allowing plaintiffs' Motion for a Directed Verdict on the issue of adverse possession. We disagree. At trial defendant failed to present any credible evidence of hostile possession. On the other hand, plaintiffs introduced evidence, first, that defendant's predecessor in title made, during the years 1971-1973, rent

payments for permission to park trailers on the disputed ease-
ment. Second, plaintiffs brought into evidence deeds in defend-
ant's chain of title giving explicit notice of the disputed 40-foot
wide easement to plaintiffs' land. In sum, all the credible evidence
supported plaintiffs' contention that defendant's use and posses-
sion of the right-of-way in controversy was not hostile, and hence
there was no question for the jury. A motion for a directed ver-
dict may be granted if the evidence is insufficient to support a
verdict for the nonmovant as a matter of law. *Arnold v. Sharpe*,
296 N.C. 533, 251 S.E. 2d 452 (1979). Such was the case here.

We have carefully reviewed defendant's remaining assign-
ments of error and find no prejudicial error.

No error.

Judges EAGLES and GREENE concur.