RUSSELL v. BAITY

[95 N.C. App. 422 (1989)]

———————

JEFFREY STEVEN RUSSELL AND WIFE, STEPHNEY WRIGHT RUSSELL, PLAINTIFFS-APPELLEES v. DAROLD T. BAITY D/B/A BAITY'S HEATING AND AIR CONDITIONING COMPANY; AND PUCKETT ENTERPRISES, INC., DEFENDANTS-APPELLANTS

No. 8823SC1386

(Filed 5 September 1989)

1. Sales § 17— heating system—breach of warranty—evidence sufficient

In an action arising from the purchase of a heating system for plaintiffs' home, the evidence was clearly sufficient to support the jury's verdict and the judgment entered thereon that defendant Baity impliedly and expressly warranted to plaintiffs that the heating system would meet state and local codes and be fit for the ordinary purposes for which such systems were used. N.C.G.S. § 1A-1, Rule 50(b).

2. **Trial §§ 6, 58.3— breach of warranty—stipulation that court determine liability between codefendants—trial judge's decision final**

   The trial judge's decision limiting the liability of the codefendant manufacturer was final in a breach of warranty action arising from the sale of a heating system where the parties' stipulation authorized the trial judge to determine the amount of each defendant's liability to the plaintiffs after the issues had been answered by the jury.

3. **Unfair Competition § 1— defective heating system—evidence not sufficient**

   The evidence was not sufficient to support plaintiff's claim for unfair and deceptive trade practices with respect to the sale and installation of a water stove system.

APPEAL by plaintiffs and defendants from *Mills, Judge.* Judgment entered 13 July 1988 in Superior Court, YADKIN County. Heard in the Court of Appeals 23 August 1989.

This is a civil action wherein plaintiffs seek damages for the alleged breach of an express warranty pursuant to G.S. 25-2-313, for the alleged breach of the implied warranty of merchantability pursuant to G.S. 25-2-314, and for alleged unfair and deceptive trade practices pursuant to G.S. 75-1.1, arising out of a contract between plaintiffs and defendants, in which plaintiffs agreed to purchase and defendants agreed to install a heating system into plaintiffs' home. At the conclusion of the evidence, the trial judge granted defendants' motion for directed verdict on plaintiffs' claim for damages under G.S. 75-1.1. The following issues were submitted to and answered by the jury.

1. Did defendant, Baity, breach the written contract between plaintiffs and defendant, Baity?

   ANSWER: Yes

2. Did defendant, Puckett Enterprises, Inc., make an express warranty to plaintiffs that the Aqua II water stove system purchased by plaintiffs would meet all state and local building codes?

   ANSWER: Yes

3. If so, did defendant, Puckett Enterprises, Inc., breach said express warranty?

ANSWER: Yes

4. Did defendant, Baity, impliedly warrant to plaintiffs that the Aqua II water stove system purchased by plaintiffs would be fit for the ordinary purposes for which such systems are used?

ANSWER: Yes

5. If so, did defendant, Baity, breach said implied warranty?

ANSWER: Yes

6. Did defendant, Puckett Enterprises, Inc. impliedly warrant to plaintiffs that the Aqua II water stove system purchased by plaintiffs would be fit for the ordinary purposes for which such systems are used?

ANSWER: Yes

7. If so, did defendant, Puckett Enterprises, Inc. breach said implied warranty?

ANSWER: Yes

8. What amount of damages, if any, are plaintiffs entitled to recover?

ANSWER: $7,000

The trial court entered judgment on the verdict and concluded that "defendant, Puckett's liability, as between defendant, Baity, and defendant, Puckett, should be restricted to the sum of $2,084.78." Plaintiffs and defendants appealed.

*Shore, Hudspeth and Harding, by N. Lawrence Hudspeth, for plaintiffs, appellees.*

*David F. Tamer for defendant Baity, appellant.*

*No brief for defendant, Puckett Enterprises, Inc., appellee.*

HEDRICK, Chief Judge.

[1] Defendant argues "the trial court erred in denying the motions of defendant Baity to dismiss at the close of all the plaintiff's

**RUSSELL v. BAITY**

[95 N.C. App. 422 (1989)]

evidence." Defendant contends that since plaintiffs "undertook to build their own house . . . [plaintiffs] had a substantial responsibility to fully investigate the component parts of the house. . . ." Defendant further argues somewhat confusingly that even though the written contract signed by the parties on 1 February 1985 provided that the equipment and work were "to meet state and local codes," defendant did not make any express warranties because such representations were "done in the context of representations which were made by someone other than defendant Baity."

In ruling on a motion for a directed verdict pursuant to G.S. 1A-1, Rule 50(a), the court must consider the evidence in the light most favorable to the nonmovant. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E.2d 549 (1973). Also, the court must resolve any contradictions, conflicts and inconsistencies in the evidence in the non-movant's favor in determining the sufficiency of the evidence to withstand a motion for a directed verdict. *Tripp v. Pate*, 49 N.C. App. 329, 271 S.E.2d 407 (1980). The motion may only be granted if the evidence is insufficient to justify a verdict for the plaintiff as a matter of law. *Colony Associates v. Fred L. Clapp & Co.*, 60 N.C. App. 634, 300 S.E.2d 37 (1983). In determining if a judgment notwithstanding the verdict under G.S. 1A-1, Rule 50(b) should be granted, the same factors are considered as in the directed verdict decision. *Id.*

The evidence in the present case is clearly sufficient to support the jury's verdict and the judgment entered thereon that defendant Baity impliedly and expressly warranted to plaintiffs that the heating system would "meet state and local codes" and be fit for the ordinary purposes for which such systems are used. These assignments of error are overruled.

[2] Defendant next asserts the "trial court erred in limiting the liability of codefendant Puckett Enterprises, Inc. to defendant Baity to the sum of $2,084.78." This assignment of error is based on an exception to the trial judge's conclusion that "defendant, Puckett's liability, as between defendant, Baity, and defendant, Puckett, should be restricted to the sum of $2,084.78," *citing, Wilson v. Chemical Co.*, 281 N.C. 506, 189 S.E.2d 221 (1972), and *Lyon v. Shelter Resources Corp.*, 40 N.C. App. 557, 253 S.E.2d 277 (1979). Defendant argues that he, as a retailer, should be able to recover his entire loss from the manufacturer, defendant Puckett, since defendant Baity

resold the heating system to plaintiffs with the same warranties as defendant manufacturer made. We disagree.

The parties, according to the judgment, "stipulated that the issue of respective liability of each defendant should be reserved for decision by the Court after the jury answered the issues submitted. . . ." This stipulation authorized the trial judge to determine the amount of each defendant's liability to the plaintiffs after the issues had been answered by the jury. By this stipulation, defendant Baity, in effect, authorized the trial judge to determine defendant Puckett's liability to defendant Baity from the evidence presented. The trial judge's decision in this regard is final.

[3] Plaintiffs' sole argument on appeal relates to the trial court's entering a judgment directing a verdict for defendants with respect to plaintiffs' unfair and deceptive trade practices claim pursuant to G.S. 75-1.1 *et seq.*

While the evidence is clearly sufficient to support the jury's verdict finding that defendants breached both express and implied warranties, we hold the evidence is not sufficient to support plaintiff's claim for unfair and deceptive trade practices with respect to the sale and installation of the Aqua II water stove system. The judgment of the trial court will be affirmed.

Affirmed.

Judges ORR and LEWIS concur.