A. DEAN OVERMAN AND WIFE, MARY E. OVERMAN v. CURTIS W. SAUNDERS

No. 691DC115

(Filed 28 May 1969)

**1. Trial § 33— instructions — application of law to the evidence**

It is the duty of the court to charge the law applicable to the substantive features of the case arising on the evidence, without special request, and to apply the law to the various factual situations presented by the conflicting evidence.

**2. Trespass to Try Title § 5— instructions — adverse possession — trespass**

In an action to recover damages for trespass and to have plaintiffs declared owners of the land in dispute, wherein plaintiffs claimed, *inter alia,* continuous adverse possession of the land under color of title, trial court erred (1) in failing to give instructions on adverse possession under color of title and on what would constitute color of title, (2) in failing to instruct what would occur if the jury did not answer in the affirmative the issue as to plaintiffs' ownership of the lands, and (3) in failing to explain the meaning of "trespass" and to charge on what facts, if any, would constitute a trespass. G.S. 1-180.

APPEAL by defendant from *Privott, J.,* September-October 1968 Civil Session, PASQUOTANK County District Court.

A. Dean Overman and his wife, Mary E. Overman, (plaintiffs) instituted this civil action on 12 May 1967 against Curtis W. Saunders (defendant) to recover damages for trespass upon a tract of land located in Pasquotank County and to have the plaintiffs declared owners of said tract of land.

The following issues were submitted to the jury:

"1.  Are the plaintiffs the owners of the lands described in the Complaint?

   ANSWER:  Yes.

2.  If so, did the defendant trespass upon said lands, as alleged in the Complaint?

   ANSWER:  Yes.

3.  What amount of damages, if any, are the plaintiffs entitled to recover of the defendant?

   ANSWER:  None."

From a judgment entered in conformity with the verdict, the defendant appealed to this Court.

*Hall & Hall by John H. Hall for plaintiff appellees.*

*Gerald F. White and John T. Chaffin for defendant appellant.*

CAMPBELL, J.

The plaintiffs introduced a deed under date of 1 July 1944 from M. L. Davis and others to T. C. Whitehurst (grantee). The deed was filed for registration in Pasquotank County Public Registry on 1 July 1944 and was recorded in Deed Book 111 at page 196. This deed purported to convey a tract of land containing 7.48 acres and the evidence for the plaintiffs showed that the land in dispute was included within the boundary of this 7.48 acres. The plaintiffs connected themselves to the deed by *mesne* conveyances. In addition, they claimed continuous adverse possession of the land in dispute through the grantee and the successors in title from said grantee to and including the plaintiffs.

Much of the evidence pertaining to the question of possession simply expressed conclusions and did not reveal facts from which to establish such possession. However, we will refrain from further discussion of the evidence, since it may not be the same on a new trial.

[1]    The defendant, by proper exceptions and assignments of error, challenged the trial judge's charge for failure in specified respects to comply with the following requirements:

"It is the duty of the court to charge the law applicable to the substantive features of the case arising on the evidence, without special request, and to apply the law to the various factual situations presented by the conflicting evidence. This requirement obtains as respects both the statutory law and the common law when both are applicable. A charge which fails to submit one of the material aspects of the case presented by the allegation and proof, is prejudicial." 7 Strong, N. C. Index 2d, Trial, § 33, p. 324. See G.S. 1-180; *Smart v. Fox*, 268 N.C. 284, 150 S.E. 2d 403.

[2]    The trial judge charged the jury that the plaintiffs claimed ownership by virtue of adverse possession and that:

"Adverse possession consists of actual possession for a period of at least seven years with an intent to hold solely for the possessor to the exclusion of others and is denoted by the exercise of absolute dominion over the land in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show who have been the declarative owners in opposition to right or the claim of any other person, and not merely as an occasional trespasser."

However, the trial judge failed to give instructions on adverse possession with color of title and adverse possession without color of title. The jury was given no explanation of color of title or what would constitute color of title. He also failed to instruct about what would occur if the jury did not answer the first issue "yes", as contended for by the plaintiffs. The jury was given no alternative answer.

With regard to the second issue, the trial judge simply gave that issue to the jury without any explanation whatsoever as to the meaning of the word "trespass" or to what facts, if any, would constitute a trespass. At no place in the charge did the trial judge apply the law to the evidentiary facts, as required by G.S. 1-180.

The Supreme Court reviewed the establishment of a *prima facie* case pertaining to a real estate title in *Gahagan v. Gosnell*, 270 N.C. 117, 153 S.E. 2d 879. However, even assuming that the plaintiffs can establish such a *prima facie* case, the defendant is entitled to a new trial because of errors committed in the charge.

New trial.

We concur
BRITT and MORRIS, JJ.