JUNIOR ALONZO NEWTON v. EARLENE ABEE NEWTON

No. 8325DC318

(Filed 6 March 1984)

**Trusts § 19— constructive trust in marital home—sufficiency of evidence**
     Plaintiff's evidence was sufficient to establish a constructive trust in her favor in the marital home where it tended to show that the parties discussed the purchase of land upon which to build a marital home, and plaintiff wife understood that the land would be titled jointly; defendant husband breached the confidential marital relationship by intentionally causing plaintiff's name to be omitted from the deed; both parties borrowed money to build a home on the land and both signed the note and deed of trust securing the loan; plaintiff contributed money payments on the home; and defendant never told plaintiff that her name was not on the deed until several years later.

APPEAL by defendant from *Crotty, Judge.* Judgment entered 11 August 1982 in District Court, BURKE County. Heard in the Court of Appeals 15 February 1984.

*Mitchell, Teele, Blackwell, Mitchell & Smith by Thomas G. Smith, for plaintiff appellee.*

*Simpson, Aycock, Beyer & Simpson by Richard W. Beyer, for defendant appellant.*

BRASWELL, Judge.

Mr. Newton sued Mrs. Newton for an absolute divorce in September 1981. Mrs. Newton counterclaimed and sought to have the court impose a resulting trust or a one-half undivided interest in the marital homeplace in her favor. Although title was in her husband's name only, she alleged that she had made money payments on the home.

At trial, she amended her pleading to conform to the evidence to allege a constructive trust. The jury found that a resulting trust was not shown by the evidence but that a constructive trust was shown. The trial court, however, disagreed that a constructive trust was shown and allowed Mr. Newton's motion for judgment notwithstanding the verdict. Contrary to the jury verdict the trial court entered judgment for Mr. Newton on the counterclaim. The issue on appeal is whether the trial court erred in allowing Mr. Newton's motion for judgment notwithstanding the verdict.

In passing upon a motion for judgment notwithstanding the verdict, the court must consider the evidence in the light most favorable to the non-movant, resolving all conflicts in the evidence in the non-movant's favor and giving the non-movant the benefit of every reasonable inference which can be drawn from the evidence. *Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549 (1973).

We now inquire into the law of constructive trusts.

A constructive trust is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust. *Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83; *Garner v.*

*Phillips,* 229 N.C. 160, 47 S.E. 2d 845; Strong, N.C. Index 2d, Trusts, § 14. Unlike the true assignment for benefit of creditors, which is an express trust, intended as such by the creator thereof, a constructive trust is a fiction of equity, brought into operation to prevent unjust enrichment through the breach of some duty or other wrongdoing. It is an obligation or relationship imposed irrespective of the intent with which such party acquired the property, and in a well-nigh unlimited variety of situations. See: *Electric Co. v. Construction Co.,* 267 N.C. 714, 148 S.E. 2d 856; *Speight v. Trust Co.,* 209 N.C. 563, 183 S.E. 734; *Bryant v. Bryant,* 193 N.C. 372, 137 S.E. 188; Lee, North Carolina Law of Trusts, § 13a (3rd ed. 1968); 54 Am. Jur., Trusts, § 218; 89 C.J.S., Trusts, §§ 139, 142. Nevertheless, there is a common, indispensable element in the many types of situations out of which a constructive trust is deemed to arise. This common element is some fraud, breach of duty or other wrongdoing by the holder of the property, or by one under whom he claims, the holder, himself, not being a bona fide purchaser for value.

*Wilson v. Development Co.,* 276 N.C. 198, 211-12, 171 S.E. 2d 873, 882 (1970). A constructive trust often involves an abuse of a confidential relationship. *Cline v. Cline,* 297 N.C. 336, 255 S.E. 2d 399 (1979).

In *Fulp v. Fulp,* 264 N.C. 20, 140 S.E. 2d 708 (1965), the husband bought a tract of land in 1937 with funds belonging to both parties and placed title in his name only. The next year, the husband built a combination store/dwelling on the property. In 1951, the parties decided to remodel and enlarge the dwelling. The husband and wife agreed that each would pay half the costs of the remodeling. Husband also promised the wife that he would change the title on the deed to include her. During remodeling, the husband repeatedly assured the wife that he was going to change the deed. After the remodeling was completed, the wife said "let's fix the deed," to which the husband responded, "You don't think I am a damn fool, do you?" *Id.* at 22, 140 S.E. 2d at 711. Justice Sharp, writing for the Court, held that the wife's evidence was "insufficient to establish either a resulting or a constructive trust in the land described in the complaint, for defendant acquired no *title* to realty with the use of plaintiff's money." (Emphasis in original.) *Id.* Justice Sharp went on to state that the

wife's evidence was sufficient to establish an equitable lien on the property based upon the wife's advancement of money for improvements in reliance upon the husband's promise to convey her a half interest in the land.

In *Cline v. Cline, supra,* the husband's parents bought a farm in 1950. Shortly after the purchase, in December 1950, after having made one payment on the note, the husband's father died. After a family caucus was held to determine who would farm the land, the husband told the wife, "We'll have to live up there and farm the land and finish payment for the place, then it will be ours." *Id.* at 338, 255 S.E. 2d at 401. The wife agreed to and did move on the farm in early 1951. On 15 January 1951, after they had moved on the farm, the husband's mother conveyed the property to husband in his name only. The wife did not learn of this conveyance until 1975. In the meantime, the parties had built a house on the land in the mid-to-late 1950's. She had contributed part of her earnings from her non-farm job towards the repayment of the home loan. She had also signed deeds to purchasers of lots of the land. The Court held that the evidence was sufficient to establish a constructive trust or resulting trust. A constructive trust was established when the husband breached the confidential marital relationship by taking title in his name alone after representing that the property would be theirs.

The facts of our case show that in 1959, while the parties were married, Mr. Newton bought an acre and a half tract of land from his brother for a nominal amount. Mrs. Newton contributed nothing towards the purchase price of the land. Title to the land was placed solely in Mr. Newton's name. In 1960, the parties borrowed some money to build a house on the land. Both parties signed the note and deed of trust securing the loan.

Considering the evidence in the light most favorable to Mrs. Newton, we further find that the evidence showed that Mr. and Mrs. Newton discussed the purchase of the land for the purpose of building a home upon it, and it was "[her] understanding" that the land would be titled jointly. When the deed was prepared, Mr. Newton intentionally had Mrs. Newton's name omitted. In 1960 they went to borrow money to build the house. Mr. Newton had her sign the note and the deed of trust. Mr. Newton never told her that her name was not on the deed until several years later.

This evidence provided a sufficient basis for a jury finding of a constructive trust. The marital relationship is the most confidential of relationships, and for transactions between spouses to be valid, they must be fair and reasonable. *Cline v. Cline, supra; Fulp v. Fulp, supra.* The jury could have reasonably inferred from the evidence that Mr. Newton led Mrs. Newton to believe that her name was to be on the deed. It was natural for Mrs. Newton, having discussed with her husband the purchase of land upon which to build a marital home, to assume that her name would be on the deed. She trusted her husband to include her name on the deed. Instead, Mr. Newton breached that trust by intentionally causing her name to be omitted from the deed. The breach of trust was further aggravated by his having his wife sign the note and deed of trust and using her money to pay for the house, without telling her that she had no title to the land. Although Mrs. Newton had access to the deed and could have read it, there was no reason compelling her to do so because she trusted her husband. The transaction was not fair and reasonable to Mrs. Newton.

Since the jury's verdict was supported by the evidence, the trial court erred in allowing Mr. Newton's motion for judgment notwithstanding the verdict. The case is accordingly remanded to Burke County District Court for the entry of a judgment in accordance with the jury's verdict.

Reversed and remanded.

Judges WELLS and PHILLIPS concur.