DARLENE PEED (NOW BENNETT) v. WILLIAM LINTON PEED

No. 849SC140

(Filed 5 February 1985)

1. Partnership § 1.1— dairy operation—existence of partnership between spouses—directed verdict improper

The trial court erred in directing verdict against plaintiff on her claim of partnership in a dairy business with her former husband where a jury could infer from the registration of cattle, the financing of the dairy operation, plaintiff's description of her conversations with defendant concerning a partnership arrangement, and plaintiff's contribution of time and money to the dairy operation that a partnership, an association of two or more people to carry on as co-

owners a business for profit, existed; furthermore, there was no merit to defendant's argument that the jury's finding that the parties were not co-owners of the dairy herd made the judge's error on the directed verdict harmless, since the fact that one partner owns certain property in the business, or provides the capital, while the other performs certain services does not mean that they are not co-owners of the business.

**2. Rules of Civil Procedure § 15; Partnership § 3— plaintiff's interest in partnership property—motion to amend complaint improperly denied**

Defendant could not have been surprised or prejudiced when plaintiff sought to add to her complaint a cause of action alleging that she owned a one-half undivided interest in dairy cattle, farm equipment and milk base, and the trial court erred in denying plaintiff's motion to so amend her complaint where plaintiff alleged that she and defendant were business partners and should share equally in the remainder of the partnership assets, that, in the alternative, she had loaned defendant money for use in the farming operations which should be repaid, that, in the alternative, she and defendant had a joint venture in the farming operation and that she should recover a portion of the accumulated assets of the joint venture, and that she was entitled to a constructive trust upon one-half of the proceeds of the sale of the dairy cows; both plaintiff and defendant testified that they were co-owners of the cattle, and over two hundred registration certificates reflecting the parties' co-ownership were introduced into evidence.

**3. Husband and Wife § 4.1— dairy operated by husband and wife—confidential relationship—failure of court to instruct erroneous**

In an action by plaintiff to recover her share of a dairy operated by the parties while husband and wife and continued by defendant after their separation, the trial court committed reversible error by failing to give the jury an instruction concerning the confidential relationship which exists between husband and wife and which must be upheld in dealings between husbands and wives.

**4. Partnership § 6; Trial § 35— dairy operation—registration certificates for cows—peremptory instruction as to ownership not required**

In an action by plaintiff to recover her share of a dairy operation, the trial court did not err in failing to give the jury a peremptory instruction to the effect that the registration certificates for cattle, titled in the names of both parties, made plaintiff an owner of a one-half undivided interest as tenant in common of the cattle with defendant, since defendant testified to the contrary, and a peremptory instruction would have been improper in light of the conflict in the evidence.

APPEAL by plaintiff from *Herring, J.* Judgment entered 16 September 1983 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 25 October 1984.

The plaintiff, Darlene Peed (now Bennett), married the defendant, W. L. Peed, in 1955. Prior to their marriage defendant

had been engaged in a farming and dairy operation. Defendant continued the operation after their marriage. At the time of the marriage, plaintiff contributed $3,000 in savings to the operation, and after marriage contributed part of her earnings from work at the Liggett and Myers Tobacco Company to the expenses of the dairy. In 1957 or 1958, the defendant, at his wife's insistence, jointly listed both their names on the registration certificates of certain cows in the dairy herd.

The Peeds were separated in 1977 and later divorced. In 1978, during the period of their separation, defendant sold the dairy cows, and the increase therefrom, for $38,000. He did not pay any of this to plaintiff, although she claimed one-half of it.

The plaintiff filed for divorce on 26 February 1979 and on 10 December 1979 the divorce was granted. Plaintiff filed this suit on 4 December 1980, claiming a one-half interest in the sale proceeds of the dairy herd, and in other property connected with the farming and dairy operation. She alleged four causes of action based on the following theories: partnership, loan, joint venture, and constructive trust. She attempted to add a fifth cause of action, but her motion to amend was denied. The trial judge rendered directed verdicts against plaintiff on the partnership, loan and joint venture causes, but allowed the issue of constructive trust to go to the jury. After the jury found against the plaintiff on this last issue, she moved for judgment non obstante verdicto. The motion was denied. Plaintiff appeals the denial of her motion to amend, the grant of directed verdict on the partnership claim, and the denial of her motion JNOV, as well as other alleged errors made at trial.

*Watkins, Finch & Hopper, by William L. Hopper, for plaintiff appellant.*

*Edmundson & Catherwood, by R. Gene Edmundson, Robert K. Catherwood, and John W. Watson, Jr., for defendant appellee.*

ARNOLD, Judge.

The plaintiff contends that the trial court erred by granting the defendant's motion for a directed verdict on the issue of whether or not the plaintiff and defendant were partners. A directed verdict motion concerns whether evidence is sufficient to

go to the jury. *Rappaport v. Days Inn of America, Inc.*, 296 N.C. 382, 384, 250 S.E. 2d 245, 247 (1979). In passing on such a motion, the trial judge must consider the evidence in the light most favorable to the non-movant (in this case, the plaintiff), resolving all conflicts and giving to her the benefit of every inference reasonably drawn in her favor. *Summey v. Cauthen*, 283 N.C. 640, 647, 197 S.E. 2d 549, 554 (1973). The trial judge should grant a motion for directed verdict only if the evidence is insufficient, as a matter of law, to support a verdict for the plaintiff. *Husketh v. Convenient Systems, Inc.*, 295 N.C. 459, 461, 245 S.E. 2d 507, 509 (1978).

Under the North Carolina Uniform Partnership Act, a "partnership" is defined as "an association of two or more persons to carry on as co-owners a business for profit." G.S. 59-36(a). The statute, G.S. 59-37, sets out factors to be considered in determining whether a partnership exists:

(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.

(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.

(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

   a. As a debt by installments or otherwise,

   b. As wages of an employee or rent to a landlord,

   c. As an annuity to a widow or representative of a deceased partner,

   d. As interest on a loan, though the amount of payment vary with the profits of the business,

e. As the consideration for the sale of a goodwill of a business or other property by installments or otherwise.

Thus, for example, if a person merely makes repayable advances and loans of money to another, it cannot be inferred from that fact that they are partners. *McGurk v. Moore*, 234 N.C. 248, 253, 67 S.E. 2d 53, 56 (1951). Further, if one person is an employee of another, and receives wages, then the two are not partners. *Williams v. Biscuitville, Inc.*, 40 N.C. App. 405, 253 S.E. 2d 18 (1979), *disc. rev. denied*, 297 N.C. 457, 256 S.E. 2d 810 (1979).

We stress that the determination of whether a partnership exists, and whether the parties are co-owners, involves examining all the circumstances. As the court in *Eggleston v. Eggleston*, 228 N.C. 668, 47 S.E. 2d 243 (1948), wrote:

"Partnership is a legal concept but the determination of the existence or not of a partnership, as in the case of a trust, involves inferences drawn from an analysis of 'all the circumstances attendant on its creation and operation,' " [citations omitted].

Not only may a partnership be formed orally, but "it may be created by the agreement or conduct of the parties, either express or implied," [citations omitted] . . . . "A voluntary association of partners may be shown without proving an express agreement to form a partnership; and a finding of its existence may be based upon a rational consideration of the acts and declarations of the parties, warranting the inference that the parties understood that they were partners and acted as such." [Citation omitted.]

228 N.C. at 674, 47 S.E. 2d at 247, *quoted in Reddington v. Thomas*, 45 N.C. App. 236, 240, 262 S.E. 2d 841, 843 (1980).

[1] Considering all the evidence in the light most favorable to the plaintiff, we find that the plaintiff did present evidence sufficient to carry the matter of partnership to the jury. The plaintiff testified that she and the defendant conducted the farming operation together. At the time of their marriage, both were employed off the farm, and used their earnings to pay farm expenses. Plaintiff brought her savings of around $3,000 into the marriage, and invested that into the farming operation. The farm was in con-

siderable debt at the time the Peeds were married. Plaintiff testified that she discussed the finances of the farm with her husband, saying that she was not going to continue putting her earnings into the farm and signing notes, when she had no part of it, and received no share of the profits.

Plaintiff testified further that she and defendant reached an agreement that they would become partners in the dairy, that the dairy cows would be registered in both their names, and that the title of the farm would be changed to contain both their names. Defendant quit his public job in 1958 to devote more time to the farm. Plaintiff testified that they discussed from time to time the progress of the farm, and farm purchases, that plaintiff went to the farm almost daily, and that she wrote checks on a joint account kept for the dairy farm. She testified that she and her husband, although separated, discussed the need to sell the dairy cattle, and the price of sale. Plaintiff testified that she did not know whether she and defendant filed a partnership income tax return, and that income tax matters were handled by defendant and accountants.

Defendant testified that he changed the registration of the cows to contain both his and plaintiff's names because the plaintiff had said that if she were the owner, the defendant's family could not take them if something happened to defendant. Defendant also testified that he changed the registration not so much to protect plaintiff, as to stop her from talking to him about it each day. Yet, defendant also testified that the joint registration showed that both he and plaintiff were owners of the cows. He testified that he changed the deeds of the land on which the dairy was operated to add plaintiff's name. Defendant testified that plaintiff did not have much time to work on the farm, with her job at Liggett & Myers; that her earnings from Liggett & Myers were spent on groceries and clothes; and that his wife could have signed notes in the dairy operation back through the years, although he had difficulty remembering. Finally, defendant testified that the money from sale of the cows was his, although he admitted that the cows were bought partly through the sale of milk produced by cows owned by him and plaintiff.

Considering this evidence in the light most favorable to the plaintiff, and therefore believing plaintiff's testimony as true, we

find that a jury could infer from the registration of the cattle, the financing of the dairy operation, plaintiff's description of her conversations with defendant, concerning a partnership arrangement, and of her contribution of time and money to the dairy operation that a partnership, an association of two or more persons to carry on as co-owners a business for profit, existed. The evidence was sufficient to produce a question for the jury, and we therefore hold that the trial judge's grant of a directed verdict against plaintiff on the partnership issue was reversible error.

We note that while the registration certificates do not give title, nonetheless, they are evidence of ownership. Indeed, the defendant conceded that by changing the certificates he made himself and his wife co-owners.

Further, we reject defendant's argument that the jury's finding that the parties were not co-owners of the dairy herd made the judge's error on the directed verdict harmless. The partnership statute provides that a partnership is an association of persons as *co-owners of a business*. The fact that one partner owns certain property in the business, or provides the capital, while the other performs certain services, does not mean that they are not co-owners of the *business*. *Southern Fertilizer Co. v. Reames*, 105 N.C. 283, 11 S.E. 467 (1890). The plaintiff testified that she told her husband that since she contributed her money to the dairy expenses and debts, she wished to have a part in the operation and a share of the profits. He agreed that they would become partners, that the dairy cows would be re-registered in both their names, and that title to the farm would be changed to both their names. The plaintiff contributed considerable money to the operation as well as her time in managing and doing bookkeeping. Even if the defendant was sole owner of the herd, the plaintiff's testimony provides evidence of an agreement which gave her an interest in the operation and a share of the profits, as well as evidence of her contribution in money and effort to the business. This was sufficient as a matter of law to take the issue to the jury.

[2] The plaintiff claims that the trial court abused its discretion and committed reversible error in refusing to grant plaintiff's motion to amend her complaint under Rule 15(b) to conform the complaint to the evidence by stating an additional cause of action,

that the plaintiff owned a one-half undivided interest in the cattle, farm equipment, and milk base. The defendant claims that the trial court did not abuse its discretion, because the defendant would have been prejudiced by the amendment. Prejudice, the defendant asserts, would have arisen because the pleadings did not alert the defendant that the issue of joint ownership was crucial to plaintiff's case, and that evidence such as the registration certificates were directed to that issue. The defendant also notes the time elapsed between commencement of the plaintiff's suit and the filing of the motion to amend as reason for the denial of the plaintiff's motion to amend.

Rule 15(b) provides in pertinent part: that the trial judge "may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him. . . ."

Rule 15(b) represents a departure from the former strict code doctrine of variance by allowing issues to be raised by liberal amendments to pleadings, and in some cases, by the evidence. *Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972). For amendment to be proper under this rule, "there must be evidence of an unpleaded issue introduced without objection, and it must appear that the parties understood, or at least reasonably should have understood, that the evidence was aimed at an issue not expressly pleaded." *Evans v. Craddock*, 61 N.C. App. 438, 444, 300 S.E. 2d 908, 913 (1983). Yet, even when the evidence is objected to on the grounds that it is not within the issues raised by the pleadings, "the court will freely allow amendments to present the merits of the case when the objecting party fails to satisfy the court that he would be prejudiced in the trial on its merits." *Roberts v. Memorial Park*, 281 N.C. 48, 58, 187 S.E. 2d 721, 727 (1972). The party who objects to the amendment has the burden of proving prejudice. *Evans v. Craddock*, 61 N.C. App. 438, 444, 300 S.E. 2d 908, 913 (1983); *Vernon v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977). We note that it is not error to allow an amendment to conform made late in the trial, even after the jury arguments. *Reid v. Consolidated Bus Lines*, 16 N.C. App. 186, 191 S.E. 2d 247 (1972). Finally, our standard of review of this matter is whether the trial judge committed an abuse of discretion in refusing to

grant the motion. *Evans v. Craddock,* 61 N.C. App. 438, 445, 300 S.E. 2d 908, 913 (1983).

Although the trial judge had broad discretion in considering whether to allow amendments, we believe that in this case justice would better have been served by allowing amendment of the complaint. The plaintiff presented four causes of action in her complaint: (1) that she and defendant were business partners and should share equally in the remainder of the partnership assets; (2) that, in the alternative, she had loaned the defendant money for use in the farming operations, which should be repaid; (3) that, in the alternative, she and defendant had a joint venture in the farming operation, and that she should recover a portion of the accumulated assets of the joint venture; and (4) that plaintiff was entitled to a constructive trust upon one-half of the proceeds of the sale of the dairy cows.

The complaint frequently alleges that plaintiff and defendant were joint owners of the property in the tobacco and dairy businesses and shared equally in the profits from those businesses, which were not reinvested. In particular, the plaintiff claimed that she owned a one-half interest in the dairy cattle. The plaintiff demanded in the complaint one-half of the proceeds of farm equipment sold and farm products raised and sold from and after 1 January 1977. In light of these allegations in the complaint, as well as plaintiff's and defendant's testimony that they were co-owners of the cattle, and the introduction into evidence of over two hundred registration certificates reflecting their co-ownership, we do not see how defendant could have been surprised or prejudiced when plaintiff sought to add to the complaint a cause of action alleging that plaintiff owned a one-half undivided interest in the cattle, farm equipment and milk base. Thus, although defendant may have objected to the introduction of the registration certificates as outside the pleadings, defendant's complete failure to meet its burden of showing prejudice — indeed his own admission that the certificates did reflect joint owner-ship — convinces us that the trial judge should have allowed amendment of the complaint in order that the merits of the case could have been presented to the jury in a more intelligible fashion. Indeed, the fact that the trial judge made the issue of joint ownership of *the dairy herd alone* the fulcrum of this case, when he would not permit the plaintiff to better define the issue

of joint ownership of the rest of the farming operation, suggests that the way in which the case was framed, and the outcome of the trial, were affected by the refusal to allow plaintiff to clarify her allegations on the ownership issue. In the interim, between filing of this opinion and retrial, the pleadings should be amended to add the issue of joint ownership of the dairy herd, milk base and farming equipment. *See Mangum v. Surles,* 281 N.C. 91, 187 S.E. 2d 697 (1972).

[3] The plaintiff alleges that the trial court abused its discretion and committed reversible error by failing to give the jury an instruction concerning the confidential relationship which exists between husband and wife, and which must be upheld in dealings between husbands and wives. We agree that the failure to instruct on this confidential relationship was serious error. As a matter of law, the relationship between the Peeds was one of husband and wife, the most confidential of all, *see Cline v. Cline,* 297 N.C. 336, 344, 255 S.E. 2d 399, 404 (1979); *Fulp v. Fulp,* 264 N.C. 20, 23, 140 S.E. 2d 708, 711 (1965). Moreover, the fact that the Peeds had separated did not in any way diminish the confidentiality of the relationship, unless the wife employed an attorney during the period of separation and dealt through him with her husband as an adversary, *see Joyner v. Joyner,* 264 N.C. 27, 32, 140 S.E. 2d 714, 719 (1965). The evidence suggests that she had not employed an attorney at that stage.

Further, the trial judge dispensed with all issues except for that of constructive trust, which often, if not usually, involves a violation or abuse of a confidential relationship, *see Bowen v. Darden,* 241 N.C. 11, 84 S.E. 2d 289 (1954); *Newton v. Newton,* 67 N.C. App. 172, 312 S.E. 2d 228 (1984). Yet, he gave only general instructions as to what a confidential relationship is. Given that the Peeds were husband and wife at the time of the sale of the dairy herd, that as a matter of law their relationship was therefore confidential, and that plaintiff asserted this relationship as a material aspect of her case for constructive trust, the trial judge erred in refusing to instruct the jury as to the confidentiality of the Peeds' relationship as husband and wife. *See Overman v. Saunders,* 4 N.C. App. 678, 680, 167 S.E. 2d 536, 537-38 (1969). On retrial, the trial judge should instruct as to the confidentiality of their relationship.

The plaintiff contends that the trial court committed reversible error by granting the defendant's motion in limine to exclude all testimony concerning the defendant's abuse of alcohol and by failing to permit the plaintiff to include in the record what the plaintiff would have testified to concerning defendant's abuse of alcohol. The power to grant a motion in limine is within the discretion of the trial court. *Duke Power v. Mom and Pop's Ham House, Inc.*, 43 N.C. App. 308, 258 S.E. 2d 815 (1979). The trial judge found that evidence of alcoholism was not relevant to the issues in the case, but also found that if later the evidence should appear relevant, then the court would make other orders. The plaintiff's counsel did not ask to submit the alcoholism testimony into the record at that time, nor did they request the court to alter its order later to admit the testimony at trial. Rather, they waited until the conclusion of the instruction conference, and requested to submit the evidence into the record at that time. Defendant's request to enter the testimony at that time was not a reasonable one, and we find that the trial judge, in light of his duty to maintain the progress of the trial, properly denied their request.

[4] Plaintiff contends also that the trial court abused its discretion and committed reversible error by failing to give the jury a peremptory instruction to the effect that the registration certificates for the cattle, titled in the name of both plaintiff and defendant, made the plaintiff an owner of a one-half undivided interest as tenant in common of the cattle with the defendant. As to this issue, the plaintiff had the burden of proof. "It is settled law that a peremptory instruction in favor of the party upon whom rests the burden of proof is proper when there is no conflict in the evidence and all the evidence tends to support the party's right to relief." *Braswell v. Purser and Purser v. Braswell*, 16 N.C. App. 14, 25, 190 S.E. 2d 857, 864, *affirmed* 282 N.C. 388, 193 S.E. 2d 90 (1972). In the present case, although the registration certificates listed the husband and wife as co-owners, the husband testified to the contrary. In view of this conflict in the evidence, the trial judge properly refused to give a peremptory instruction.

Since we have granted a new trial, we have no need to reach the plaintiff's contention regarding the trial court's denial of her motion for judgment notwithstanding the verdict.

We remand for retrial upon amended pleadings.

New trial.

Judges WELLS and BECTON concur.