# IN THE COURT OF APPEALS 549

**DEAN v. MANUS HOMES, INC.**

[143 N.C. App. 549 (2001)]

---

KENNETH DEAN, DBA KENNETH DEAN CONSTRUCTION v. MANUS HOMES, INC., AND GARY MANUS

No. COA00-491

(Filed 15 May 2001)

**1. Partnerships— existence—agreement to split profits**

The trial court did not err by denying defendants' motion for a directed verdict in an action to determine the existence of a partnership where plaintiff testified to an agreement to split profits, there was a letter detailing duties and referring to the splitting

**DEAN v. MANUS HOMES, INC.**

[143 N.C. App. 549 (2001)]

of profits, and defendant MHI in its counterclaim requested an accounting and payment of one-half of plaintiff's profits.

**2. Appeal and Error— assignments of error—not supported by argument**

Assignments of error which were not supported by argument were deemed waived.

**3. Partnerships— existence—accounting—sufficiency of evidence**

In an action to determine the existence of a partnership and for an accounting, there was sufficient evidence to support findings that plaintiff and defendants had formed a partnership to share profits on fifteen homes with those profits being divided 50/50; that defendants maintained control of all relevant records and that plaintiff had demanded an accounting which defendants refused; that plaintiffs had been wrongfully excluded from partnership property; and that an accounting would be just and reasonable.

**4. Partnerships— intent to dissolve—filing of claim**

There was sufficient evidence to support the trial court's conclusions that a partnership existed between plaintiff and defendants, that plaintiff expressed his intent to dissolve the partnership by filing this claim, and that plaintiff was entitled to an accounting.

**5. Partnerships— accounting—refusal—control of records**

The court did not err by ordering an accounting where a partnership existed, plaintiff made demands for an accounting which defendants refused, defendants maintained control of all partnership records, and plaintiff was wrongfully excluded from partnership property.

Appeal by defendants from judgment entered 25 October 1999 by Judge Hollis M. Owens in Iredell County Superior Court. Heard in the Court of Appeals 1 February 2001.

*Eisele, Ashburn, Greene & Chapman, by John D. Greene for plaintiff-appellee.*

*Richard H. Tomberlin for defendant-appellant.*

DEAN v. MANUS HOMES, INC.

[143 N.C. App. 549 (2001)]

THOMAS, Judge.

Defendants appeal from a jury verdict finding the existence of a partnership and awarding plaintiff $15,000.00. They also appeal from an order entered by the trial court requiring an accounting as well as from a denial of defendants' motions for a directed verdict and judgment notwithstanding the verdict. Defendant sets forth seventeen assignments of error. For the reasons discussed herein, we hold the trial court did not err.

The facts are as follows: Plaintiff is a residential building sub-contractor specializing in the areas of framing and structural construction. On or about October 1994, plaintiff entered into a business relationship with defendants Manus Homes, Inc. (MHI), a corporation, and Gary Manus (Manus), a general contractor who is also president of MHI.

The agreement called for defendants to purchase residential lots and provide full financial backing while the plaintiff supplied labor in the framing and structural part of the building process and thereafter acted as supervisor for the remaining construction. Upon the sale of a home, plaintiff would receive 50% of the net profit with defendants taking the other 50%. The net profit was the amount remaining after the actual cost of construction was subtracted from the sale price.

The parties built and sold fifteen homes in both Iredell and Mecklenburg counties during the existence of the purported partnership. Manus himself purchased one of them.

Plaintiff filed suit in 1997, claiming breach of the partnership agreement by defendants and requesting an accounting and dissolution of the partnership. Manus denied individual liability in the answer while MHI's counterclaim requested an accounting and one-half of plaintiff's framing profits. Defendants, while denying the existence of a partnership in their answer, presented no evidence at trial. The jury found a partnership between the plaintiff and defendants did exist and the agreement included the sharing of profits on fifteen projects. The jury specifically found that MHI breached its contract with plaintiff as to the property purchased by Manus and owed plaintiff $15,000 for his share of the profits. The court denied defendants' motions for directed verdict and judgment notwithstanding the verdict and dismissed MHI's counterclaim. In addition, the trial court ordered both a financial accounting to determine the total amount

due and the dissolution of the partnership. Defendants appeal from the judgment.

[1] By defendants' first and second assignments of error, they contend the trial court committed reversible error by denying defendants' motion for a directed verdict. We disagree.

A motion for a directed verdict is properly denied when, in considering the evidence in the light most favorable to the movant, the claim is legally sufficient. *West v. King's Dept. Store, Inc.*, 321 N.C. 698, 365 S.E.2d 621 (1988). Defendants claim plaintiff has not made out a *prima facie* case that a partnership existed because he did not show that he was a co-owner of the business.

A partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit." N.C. Gen. Stat. § 59-36 (1999). A partnership can be formed orally or implied by the parties' conduct. *Peed v. Peed*, 72 N.C. App. 549, 325 S.E.2d 275, *cert. denied*, 313 N.C. 604, 330 S.E.2d 612 (1985). Here, there is evidence of both. Manus testified that there was never a written agreement between himself and plaintiff. However, Manus also testified concerning a letter dated 10 April 1997, which discussed plaintiff's duties under their agreement, including a statement that "[plaintiff] and [Manus] agreed to [plaintiff] supervising a number of jobs that Manus Homes had under contract in which [plaintiff] claimed he could complete in no longer than four months." The letter confirms in part what was contained in the oral agreement by stating "[i]f [plaintiff] completed these jobs in four months then we would split the profit." Sending letters detailing someone's duties and splitting profits evidences conduct that implies a partnership. A share of the profits is *prima facie* evidence a partnership exists. N.C. Gen. Stat. § 59-37(4) (1999); *Wilder v. Hobson*, 101 N.C. App. 199, 398 S.E.2d 625 (1990). Plaintiff testified to an agreement to split profits with defendants, illustrating *prima facie* evidence of a partnership. Defendants, in turn, have not shown that plaintiff's claim was legally deficient. It should also be noted that while denying the existence of a partnership, MHI requested in its counterclaim an accounting and payment of one-half of plaintiff's framing labor profits. MHI, accordingly, was seeking a partnership remedy.

[2] By defendants' third, fourth, fifth and sixth assignments of error, they contend the trial court erred in, respectively, allowing plaintiff to amend his pleading, granting plaintiff's motion to dismiss the counterclaim, and denying motions to set aside the verdict as being

DEAN v. MANUS HOMES, INC.

[143 N.C. App. 549 (2001)]

against the greater weight of the evidence and inconsistent. However, because defendants did not cite legal authority in the text of their argument, these assignments of error are deemed waived. N.C.R. App. P. 28(b)(5) (1999); *Joyner v. Adams*, 97 N.C. App. 65, 387 S.E.2d 235 (1990).

**[3]** By defendants' assignments of error seven through fourteen, they contend the findings of facts were not supported by competent evidence. We disagree.

The trial court found that the plaintiff and defendants formed a partnership to share profits on fifteen homes with those profits to be divided 50% to plaintiff and 50% to defendants. The court also found plaintiff had demanded an accounting to which the defendants refused and that defendants maintained control of all relevant records. The trial court further found that plaintiff had been wrongfully excluded from possession of partnership property, it would be just and reasonable for plaintiff to have an accounting, and that 25 November 1997 was the date of breach. There was sufficient evidence of the existence of a partnership from the testimony of both plaintiff and Manus, as both testified to the existence of an agreement to split profits.

Defendants incorporate arguments one, two and five to support these assignments of error. We did not find them compelling as to one, two and five and do not find them compelling as to seven through fourteen. Accordingly, defendants' assignments of error seven through fourteen are rejected.

**[4]** By defendants' assignments of error fifteen and sixteen, they argue the trial court's conclusions of law were not supported by competent evidence. We disagree.

The trial court's conclusions of law will not be overturned if supported by competent evidence. *State v. Pugh*, 138 N.C. App. 60, 530 S.E.2d 328 (2000). The trial court concluded first that the partnership between plaintiff and defendants was dissolved when the claim was filed and that plaintiff was entitled to an accounting pursuant to section 59-52. That section provides "[a]ny partner shall have the right to a formal account as to partnership affairs: (1) If he is wrongfully excluded from the partnership business or possession of its property by his copartners[.]" N.C. Gen. Stat. § 59-52(1) (1999). As aforementioned, there is ample evidence of the parties' agreement to split profits, implying a partnership. Plaintiff presented evidence of written

and verbal demands for an accounting of partnership profits. By filing a claim against defendants, plaintiff expressed his intent to dissolve the partnership. Moreover, Manus admitted that he had not paid a partnership profit share to plaintiff for several homes subject to the partnership agreement. Yet again, defendants incorporate arguments one, two and five to support these assignments of error. Again, we find these arguments unpersuasive and that the trial court's conclusions of law were sufficiently supported by competent evidence. Defendants' assignments of error fifteen and sixteen are, accordingly, rejected as well.

**[5]** By defendants' seventeenth and last assignment of error, they argue the trial court committed reversible error by ordering an accounting. We disagree.

This judgment was based on the fact that a partnership existed, plaintiff made demands for an accounting, defendants refused to provide an accounting, Manus maintained control of all partnership records and that plaintiff was wrongfully excluded from partnership property, i.e., profits from the sale of homes under the agreement. In *Casey v. Grantham*, our Supreme Court held that a cause of action for an accounting existed where one partner had usurped complete control and exclusive possession of the assets of the partnership, including the books and records, which were in the hands of the defendant and his wife. 239 N.C. 121, 79 S.E.2d 735 (1954). The defendant in *Casey* also refused to give an accounting even though a demand had been made. We find the instant case to be similar to *Casey*, and hold that the accounting, under these circumstances, is proper pursuant to section 59-52. Accordingly, the trial court did not err.

For the aforementioned reasons, we reject defendants' assignments of error and find no error with the trial court's ruling.

NO ERROR.

Judges MARTIN and TIMMONS-GOODSON concur.