**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-1698**

_____

JOHN CURTIS,

     Plaintiff - Appellant,

  v.

CAFE ENTERPRISES, INC., d/b/a Fatz Cafe, f/k/a Fatz Cafe, Inc.,

     Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, Senior District Judge.  (5:15-cv-00032-RLV-DSC)

_____

Submitted:  November 30, 2017     Decided:  December 13, 2017

_____

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William Everett Moore, Jr., GRAY, LAYTON, KERSH, SOLOMON, FURR & SMITH, PA, Gastonia, North Carolina, for Appellant.  J. Michael Honeycutt, FISHER & PHILLIPS, LLP, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Curtis brought this action against his former employer, Café Enterprises, Inc., alleging breach of contract, breach of fiduciary duty/constructive fraud, wrongful discharge, breach of contract accompanied by fraudulent acts, violation of the Wage and Hour Act, and intentional infliction of emotional distress, and seeking actual and punitive damages, an action for an accounting, and a declaratory judgment. The district court granted Café Enterprises' motion for summary judgment as to all claims. The district court then denied Curtis' Fed. R. Civ. P. 59(e), 60(b) postjudgment motion. On appeal, Curtis challenges the district court's rulings on his claims of breach of contract, breach of contract accompanied by fraud, and breach of fiduciary duty/constructive fraud, and his requests for punitive damages and an accounting. The remainder of the claims are not raised in his opening brief, and are therefore waived. Fed. R. App. P. 28(a)(8); *see United States v. White*, 836 F.3d 437, 443 (4th Cir. 2016). We affirm.

We review an order granting summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). To survive a summary judgment motion, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

The district court properly applied South Carolina law to Curtis' breach of contract claim, pursuant to the choice of law provision in the Agreement. *See Kenney v. Indep.*

2

*Order of Foresters*, 744 F.3d 901, 905 (4th Cir. 2014) (explaining that a federal court exercising diversity jurisdiction applies the choice-of-law rules of the state in which it sits); *Schwarz v. St. Jude Med., Inc.*, 802 S.E.2d 783, 788 (N.C. Ct. App. 2017) (explaining that North Carolina courts honor contractual choice-of-law provisions). Under South Carolina law, "[t]he elements for a breach of contract are the existence of a contract, its breach, and damages caused by such breach." *Hotel & Motel Holdings, LLC v. BJC Enters., LLC*, 780 S.E.2d 263, 272 (S.C. Ct. App. 2015) (internal quotation marks omitted).

Curtis alleges that Café Enterprises breached his Operating Partner and Employment Agreement ("Agreement") by unlawfully terminating his contract early. While Curtis signed a Mutual Termination Agreement ("MTA"), which is a method of early termination provided for in the Agreement, he claims the MTA is invalid because he signed it under duress.[1] In South Carolina, "to establish that a contract was procured through duress, three things must be proved: (1) coercion; (2) putting a person in such fear that he is bereft of the quality of mind essential to the making of a contract; and (3) that the contract was thereby obtained as a result of this state of mind." *Holler v. Holler*, 612 S.E.2d 469, 475 (S.C. Ct. App. 2005). "The central question with respect to whether a contract was executed under duress is whether, considering all the surrounding

---

[1] Curtis also argues that the MTA was "not in proper form," that it was not signed by Café Enterprises, and that the "witnesses" to the document did not actually witness the signatures. We will not consider this argument as to the MTA's validity presented for the first time on appeal. *See Pornomo v. United States*, 814 F.3d 681, 686 (4th Cir. 2016).

3

circumstances, one party to the transaction was prevented from exercising his free will by threats or the wrongful conduct of another." *Id.* "[D]uress does not occur if the victim has a reasonable alternative to succumbing and fails to take advantage of it." *Id.*

We have reviewed the record and, accepting the facts alleged by Curtis as true, find no evidence that Curtis was put in such a state of fear that he was unable to exercise his free will. Curtis is a businessman with several years of managerial experience and experience dealing with agreements and contracts. Curtis acknowledged during his deposition that he had never had a physical confrontation with any of the individuals present in the meeting about the MTA, that everyone was cordial during the meeting, and that no one raised his voice or acted angrily. Curtis does not claim he was under any significant financial, emotional, or mental distress inhibiting his ability to think rationally. The only threat Curtis claims to have perceived during this meeting was that he was told he had to sign either the document acknowledging his termination for cause, or the MTA. Curtis had the reasonable alternative of challenging his for-cause termination pursuant to the method outlined in his Agreement. Instead, Curtis made a choice to accept the MTA because of the benefits it provided.[2]

Turning to Curtis' claim of breach of contract accompanied by fraud, neither North Carolina nor South Carolina recognizes this claim as an independent cause of

---

[2] Furthermore, it is undisputed that Curtis did not, in fact, sign the MTA during the initial meeting. Instead, he unintentionally signed the document acknowledging his termination for cause. When he realized his mistake, he went back and signed the MTA instead. If any coercive factors were present at the initial meeting, they had dissipated by the time Curtis left and then made the decision to return.

4

action. *See Spillman v. Am. Homes of Mocksville, Inc.*, 422 S.E.2d 740, 741–42 (N.C. Ct. App. 1992); *Edens v. Goodyear Tire & Rubber Co.*, 858 F.2d 198, 202 (4th Cir. 1988). Further, because Curtis' evidence does not support a claim for breach of contract, it cannot support the claim of breach of contract accompanied by a fraudulent act.

Curtis cites neither evidence nor legal authority to support his claims of breach of fiduciary duty or constructive fraud. Accordingly, they are waived. *See Projects Mgmt. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013) (recognizing that an appellant who fails to support his contentions "with citations to the authorities and parts of the record on which [he] relies" waives his argument). Nor is Curtis entitled to punitive damages, because there is no basis on which damages could be granted.

Curtis requests an accounting pursuant to the North Carolina Uniform Partnership Act, N.C. Gen. Stat. § 59-52 (2016). We agree with the district court that Curtis is not a legal partner of Café Enterprises and is thus not entitled to an accounting. First, the Agreement clearly dictates that the option for monthly incentive amounts "does not constitute an ownership interest of any kind in the Corporation or any specific assets of the Corporation."[3] Moreover, under the Agreement, there is no doubt that Curtis was an employee of Café Enterprises, receiving wages. *Peed v. Peed*, 325 S.E.2d 275, 279 (N.C. Ct. App. 1985) ("[I]f one person is an employee of another, and receives wages, then the

---

[3] Curtis notes that this section of the Agreement references the wrong subsection on "incentive amounts," which he argues renders the entire provision meaningless. However, his reliance on a mere typographical error does not undermine the otherwise plain language of the Agreement.

two are not partners."); *see also* N.C. Gen. Stat. § 59-37(4) (2016). Accordingly, he is not entitled to an accounting pursuant to the North Carolina Uniform Partnership Act.

Finally, we turn to the district court's denial of Curtis' postjudgment motion, which we review for abuse of discretion. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). We have reviewed the record and find no reversible error in the district court's decision to deny the postjudgment motion, which essentially repeated arguments already considered and rejected by the court.

We therefore affirm the district court's judgment in all respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*